## In re Mayer

*T. P. Dunn*, d. b. e., for petitioners.

*S. A. Sisson*, for Security-Peoples Trust Company.

*William A. Schnader*, Attorney General, *John Y. Scott*, Deputy Attorney General, and *George M. Mason*, for Commonwealth.

HIRT, J., April 3, 1934.—This is a proceeding under the Act of June 1, 1915, P. L. 661, for an order upon Security-Peoples Trust Company, guardian of Miriam Bliss Mayer, for the cost of her maintenance at a state hospital. This trust company, alleging that Joseph G. Mayer and his sureties are solely liable for the payment of her maintenance under an agreement entered into by them with the trust company, issued a sci. fa. under the Act of May 18, 1933, P. L. 807, to bring in Joseph G. Mayer, A. J. Baerle, and Mrs. Daisy Mayer as additional defendants. A rule granted upon their motion to quash a writ of scire facias is now before the court.

The Act of 1933, supra, in part provides: "That any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record, as an additional defendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on, . . ." It is argued that the rule must be quashed for the reason that the proceeding before the court is not an action in which any defendant is named. With this position we are unable to agree.

The Act of 1915 provides a remedy for the collection by the Commonwealth of the cost of such maintenance, and in section 4, in part, provides: "The court of common pleas of the county of the residence of any inmate of any home, hospital, asylum, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, shall have power, upon the application of the Attorney General, to make an order, for the payment of maintenance to the Commonwealth, upon the trustee, committee, guardian, or other person who has charge of the estate of any such inmate, or against the father, wife, mother, child, or children of any such person so maintained; . . ."

An action has been defined as the formal demand of one's right from another person or party, made and insisted on in a court of justice: Bouvier. The vital idea of an action is a proceeding on the part of one person as actor against another, for the infringement of some right of the first, before a court of justice, in the manner prescribed by the court or the law: ibid.

Here, then, we have a proceeding against Security-Peoples Trust Company, guardian, instituted in accordance with the procedure provided by the above Act of 1915, in which the Commonwealth is the actor, seeking reimbursement for the cost of maintenance of a weak-minded person in a State institution. The joinder of defendants by sci. fa. under the Act of 1933 is not restricted to any class of actions, and since the remedy afforded the Commonwealth is an

action for the collection of the cost of maintenance and since the rule was issued upon Security-Peoples Trust Company it is a defendant in the action and may bring in additional defendants by sci. fa.

Now, to wit, April 3, 1934, the rule granted November 27, 1933, on petition to quash the writ of scire facias, is discharged.